Affirmed as
Modified and Memorandum Opinion
filed September 22, 2009.

 

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00147-CV

_______________

 

IN THE INTEREST OF A.D.S., JR.

 

 

                                                                                     
                                                          

On Appeal from the County Court at Law
No. 2

Galveston County, Texas

Trial Court Cause No. 94FD0197

                                                                                    
                                                           

 

M E M O R A N D U M  O P I N I O N

In this child-support enforcement case, appellant, the Office
of the Attorney General of Texas (AOAG@), contends the trial court abused
its discretion by awarding appellee, A.D.S., Sr., a credit, including interest,
against child-support arrearage for payments due during his incarceration, and
thereby reducing the amount of arrearage.  We modify the trial court=s AModified Order Enforcing Child
Support Obligation@ to delete the section entitled ACREDIT BY COURT ORDER,@ the title of the section entitled AJUDGMENT AFTER RELEASE,@ and the first paragraph of that
section.  We affirm the trial court=s AModified Order Enforcing Child
Support Obligation@ with respect to the arrears as modified by this court.








I.  Factual and Procedural Background

In 1994, Heronda Brown and appellee divorced.  Under the
final divorce decree, appellee is obligated to pay $300 per month in support
for the couple=s child, A.D.S., Jr.  In August 1995, the trial court found that appellee
failed to pay child support as required, and ordered him to pay $350 each monthC$300 in regular child support and $50
on the arrearage. 

In December 2006, the OAG filed a motion for enforcement of
the child-support order, and attached a payment record with the balance due. 
Appellee responded, denying the allegations in the motion and claiming he then
and currently lacked the ability to provide support in the amount ordered,
lacked property that could be sold, mortgaged, or otherwise pledged to raise
the funds needed, attempted unsuccessfully to borrow the needed funds, and knew
of no source from which the money could have been borrowed or otherwise legally
obtained.  More specifically, appellee contended he was detained in prison for
a period of time and had no source of income or ability to provide support
during that time.   

In July 2007, the trial court conducted a hearing on the
motion.  On October 23, 2007, the trial court signed an order rendering
judgment against appellee in the amount of $65,773.50.  The court then ordered
a credit in the amount of $24,150.  After adjusting accrued interest
accordingly, the trial court found and confirmed a credit of $48,348.50 against
appellee=s child-support arrearage.  The trial
court then rendered judgment, after release, against appellee in the amount of
$17,425.     








Subsequently, the OAG filed a motion to correct, modify, or
reform judgment, and in the alternative, motion for new trial requesting, among
other relief, a modification of the total amount of arrearage.  The OAG
contended the credit was improper because the Texas Family Code did not provide
for an offset against arrears for time spent incarcerated or allow for a credit
of interest on past due child support.  After a hearing, the trial court
granted the motion, in part.  

On January 7, 2008, the trial court signed a AModified Order Enforcing Child
Support Obligation,@ reflecting some changes; however, the amount owedC$17,425Cdid not change, despite the OAG=s request to modify the amount to
$65,773.50.  In the modified order, under the section entitled AJUDGMENT ON ARREARS,@ the trial court found appellee was
in arrears in the amount of $65,773.50 as of October 31, 2006 and granted
judgment against appellee in the amount of $65,773.50.  In the next section
entitled ACREDIT BY COURT ORDER,@ the trial court found a credit in the amount of $24,150,
specifically awarded for payments due during the time appellee was
incarcerated.  The trial court further found that, after adjusting accrued
interest accordingly, $48,348.50 was credited against appellee=s arrearage.  Under the next section
entitled AJUDGMENT AFTER RELEASE,@ the trial court granted and rendered judgment, after
release, against appellee in the amount of $17,425, which is the difference
between $65,773.50 and $48,348.50.  In this section, the trial court also
included various provisions related to the payment of the arrearage which are
not challenged on appeal.  The trial court found punitive and coercive contempt
several pages later in another section of the order.[1]     
           

The trial court denied the OAG=s motion for new trial.  The trial
court issued findings of fact and conclusions of law.  The OAG now appeals the
portion of the modified order concerning the credit awarded appellee against
arrearage.  Neither party contests the contempt portion of the modified order. 

 








II.  Analysis

In four related issues, the OAG contends the trial court erred by (1)
reducing the child-support arrearage owed by appellee based on his inability to
pay while incarcerated and (2) reducing the accrued interest accordingly on the
child-support arrearage.  Alternatively, the OAG argues the trial court=s credit award is equivalent to a
retroactive modification of appellee=s child-support obligation.  Finally,
the OAG contends it is entitled to judgment in the amount of $65,773.50 in
child-support arrearage as of October 31, 2006.  

The OAG challenges the following three conclusions of law:

12.  Pursuant to Family Code ' 157.008(c), [appellee] is entitled to a reduction in
the amount of arrearages accrued in the sum of $24,150.00.

13.  Such amount should be
credited towards the principal amount due on arrearages.     

14.  Once all
proper credits and offsets are made, [appellee] is found to be in arrearages in
the sum of $17,425.00 and shall be obligated to pay such sum along with
interest as provided by law at the rate of 6% per annum. 

We review the award of a judgment for child-support arrears under an
abuse of discretion standard.  In re C.A.M.M., 243 S.W.3d 211, 214 (Tex.
App.CHouston [14th Dist.] 2007, pet.
denied) (stating most orders arising from suit affecting parent-child
relationship are reviewed under abuse-of-discretion standard); Beck v.
Walker, 154 S.W.3d 895, 901, 905B06 (Tex. App.CDallas 2005, no pet.) (applying
abuse-of-discretion standard to offset on child-support arrearage).  A trial
court abuses its discretion when it acts without reference to any guiding rules
and principles.  Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238,
241B42 (Tex. 1985).  The failure to
analyze or apply the law correctly constitutes an abuse of discretion. 
Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). 

A.        Credit by Court Order








Texas Family Code section 157.263 provides for confirmation of
child-support arrearage when a motion to enforce the payment of child support
requests a money judgment for arrearage. 
Tex. Fam. Code Ann. ' 157.263(a) (Vernon 2008).  In this case, the OAG=s motion for enforcement of
child-support order requested the court to confirm and enter judgment for all
support arrearage and accrued interest as of the hearing date.  Family Code
section 157.262 provides, in pertinent part:

(a) Except as provided by this section, in a contempt
proceeding or in rendering a money judgment, the court may not reduce or modify
the amount of child support arrearages.

* * * 

(f) The money judgment for arrearages rendered by the
court may be subject to a counterclaim or offset as provided by this
subchapter.  

 

Id. ' 157.262(a), (f) (Vernon 2008).[2] 


In its findings of fact and conclusions of law, the trial court concluded
appellee was entitled to a reduction in the amount of arrearage pursuant to
Family Code section 157.008(c), which provides:  

(c) An obligor may plead as an affirmative defense to
an allegation of contempt or of the violation of a condition of community
service requiring payment of child support that the obligor:

(1) lacked the ability to provide support in the
amount ordered;

(2) lacked property that could be sold, mortgaged, or
otherwise pledged to raise the funds needed;

(3) attempted unsuccessfully to borrow the funds
needed; and

(4) knew of no source from which the money could have
been borrowed or legally obtained.

 








Tex. Fam.
Code Ann. ' 157.008(c) (Vernon 2008).  Therefore, under subsection (c), an obligor=s ability to pay is an affirmative
defense to an allegation of contempt or the violation of a condition of
community service.  Id. 
The trial court=s order and conclusions of law show that it applied this
affirmative defense of inability to pay to the judgment on arrears.  However,
the statute allows the affirmative defense only to an allegation of contempt or
of the violation of a condition of community service.  In re A.F.N.,No.
03-07-00164-CV, 2008 WL 615428, at *1 n.4 (Tex. App.CAustin 2008, no pet.) (mem. op.)
(stating Family Code section 157.008 does not include earning capacity as
ground for offset and earning capacity is only relevant on issue of contempt
and violation of community service).  

Appellee contends the trial court did not abuse its discretion by
granting appellee a credit against child-support arrearage because sufficient
evidence exists to support a credit.  Appellee claims he is entitled to a
credit for the following reasons: (1) a previous order actually granted
judgment to appellee, rather than against him, for arrearage in the sum of
$3,900; (2) there was testimony he had two other children with a different woman
which would purportedly lessen the amount he was required to pay in this case;
and (3) there was evidence of Aactual support@ because appellee testified he and
A.D.S., Jr.=s mother lived together for awhile, during which time, he provided
support Aoff and on.@  However, appellee ignores the fact
that the trial court=s modified order specifically states the credit Ais awarded for payments due during
the time that [appellee] was incarcerated.@  In addition, the trial court made
clear in its findings of fact and conclusions of law that A[p]ursuant to Family Code ' 157.008(c), [appellee] is entitled
to a reduction in the amount of arrearages accrued in the sum of $24,150.@  

Because section 157.008(c) only allows inability to pay as an affirmative
defense to an allegation of contempt or of the violation of a condition of
community service, the trial court erred by applying a credit against appellee=s arrearage due to his incarceration.


B.        Interest

The OAG also argues the trial court erred by reducing the accrued
interest on appellee=s child-support arrearage.








At the hearing on the motion for enforcement, appellee=s attorney requested the interest be
recalculated after the credit was given.  In the portion of the modified order
enforcing the child-support obligation entitled ACREDIT BY COURT ORDER,@ after finding appellee was entitled
to a credit for payments due during the time he was incarcerated, the trial
court found and confirmed that, after adjusting accrued interest accordingly,
appellee was due a credit of $48,348.50.      

Because we hold the trial court erred by awarding appellee a credit on
the principal for the time he was incarcerated, the trial court also erred by
adjusting the interest after the credit was given.  Therefore, we sustain the
OAG=s first and second issues.[3]

III. 
Conclusion

The trial court erred by awarding appellee a credit, including interest,
against child-support arrearage for payments due during appellee=s incarceration, and thus erred by
rendering judgment after release in the amount of $17,425.  Consequently, we
modify the trial court=s AModified Order Enforcing Child Support Obligation@ to delete the section entitled ACREDIT BY COURT ORDER,@ the title of the section entitled AJUDGMENT AFTER RELEASE,@ and the first paragraph of that
section.  We affirm the trial court=s AModified Order Enforcing Child
Support Obligation@ with respect to the arrears as modified by this court.

 

 

 

 

/s/        Charles
W. Seymore

Justice

                                                                                                                                                            

 

Panel consists of Justices Yates, Seymore, and Brown.

 









[1]  Under the heading APunitive Contempt,@ the trial
court found appellee in contempt for failure to pay court-ordered child support
on four occasions and ordered him committed to the county jail for 180 days for
each separate act of contempt.  Under the heading ACoercive Contempt,@
the trial court ordered appellee committed to county jail until he paid $6,000
in child-support arrearage.  The trial court then suspended the commitment and
placed appellee on community supervision for 120 months. 





[2]  Texas Family Code section 157.262(f) was recently
amended to read as follows: AThe money
judgment for arrearages rendered by the court may be subject to a counterclaim
or offset as provided by this title.@ 
Act of June 19, 2009, 81st Leg., R.S., ch. 538, ' 2, 2009 Tex. Sess. Law Serv. 1240.  The amendment was effective June
19, 2009 and applies only to a money judgment for child-support arrearage
rendered on or after that date.  Id.  





[3]  In its third issue, the OAG contends alternatively
that the trial court=s reduction of child-support arrearage was the
equivalent of a retroactive modification of appellee=s child-support obligation.  Because we sustain issues
one and two, we need not address this contention.